Shields, S.' J.,
delivered the opinion of the Court.
This is an action for slander, instituted in the Circuit Court of Carter county, by the defendant in error, against the plaintiff in error, on January 10th, 1860. The cause was tried at the November Term, 1860, and the jury found in favor of the defendant in error, and assessed his damages at two hundred and fifty dollars. A rule to show cause why the verdict should be set aside, and a new trial granted, was entered, which was *325 discharged, and judgment rendered on the verdict. . The plaintiff in error tendered a bill of. exceptions, which was signed and sealed by the Court, and ordered to be made a part of the record, and. prayed and obtained an appeal, in the nature of a writ of error, to this Court. On the 24th of August, 1861, he filed what purports to be a transcript of the record, but on examination of the same, we find in the bill of exceptions the. following:
“The Court charged the jury as follows.”
The Clerk then states, that “ no charge by the ' Court being on file with the papers, the Clerk is, therefore, unable to copy .it here.”
The certificate of the Clerk is in these words: “I do hereby certify that the foregoing is a true and perfect copy of the record, as the same appears in my office, and as it came to my hands from my predecessor in office, under whose administration the trial was had and appeal taken; and that I have copied all the papers in the original record now on file; and that I have made diligent search for the missing papers, and can not find them in my office.”
It thus appears, on the face of the bill of exceptions, that the charge of the Court was made a part of the same; and from, the statement and certificate of the Clerk, that it is lost, and, therefore, is not copied into the bill of exceptions.
The plaintiff in error has, therefore, failed to file in this court, a perfect transcript of the record. It is defective in a most important particular. Further, it clearly appears that the defect cannot be remedied by a suggestion of diminution and a certiorari for a more *326 perfect transcript, because the proper officer has already made' a diligent search for the charge of the Court, and it is not to be found.
Upon this state of facts, we hold that the cause is not before us in a condition to be reviewed, and that the judgment must be affirmed. It is incumbent on the party who prays an appeal, in the nature of a writ of error, and seeks a reversal of the judgment, to show that there is error in the record, which, in the case before us, he could only do by filing a full and perfect transci’ipt of the record in the court below.
We are bound to presume, until the contrary be made to appear, that the judgment of the court below is correct; and the party asking a reversal must show that the judgment is wrong; Cornelius v. Merritt, 2 Head, 97, 99; McBee v. Petty, 3 Cold.,, 178. This can only be done, if there be error, by filing a full and perfect transcript of the record. If by reason of accident this cannot be done, it is the misfortune of the appellant, and he must bear the consequent loss. The appellee has established his right to recover, in the court below; the judgment which he obtained is prima facie, correct, and he cannot be deprived of the benefit of it, by an accident, for which he is not to blame.
If there was error on the face of the record, of a character that could not possibly have been cured by the charge of the Court, a different question would arise; but we cannot see any, of that description, and we are bound to presume that the instructions of the court, to the jury, were in all things correct.
We are not called upon to decide whether the acci *327 dent, by which the plaintiff in error, has failed to have the proceedings, in the court below, reviewed in this court, is one against which he' may have relief, in some further proceeding; and we leave this question undecided, but affirm the judgment of the court below, without prejudice to such right, if any, he have.
Affirm the judgment.